UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
U. S. DISTRICT COURT
DISTRICT OF NEBRASKA

2018 JUL 12  AM 11: 56

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *4:18CR3074* |
| v. | ) | No. 4:18 CR 90 RWS |
| | ) | |
| TAYLOR WILSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GUILTY PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant ~~Tyler~~ Wilson, represented by defense counsel Jerry Sena, and

the United States of America (hereinafter "United States" or "Government"), represented by the

Office of the United States Attorney for the Eastern District of Missouri. This agreement does not,

and is not intended to, bind any governmental office or agency other than the United States

Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this

agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the

defendant's voluntary plea of guilty to Count IV of the charge, the government agrees to move for

the dismissal as to the defendant of Counts I through III at the time of sentencing. Moreover, the

United States agrees that no further federal prosecution will be brought in this District relative to

1

the defendant's possession of machineguns and unregistered firearms from September 2015 through December 23, 2017 of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties herein is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a). The parties further agree that notice of any such request will be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

The defendant also agrees, to forfeit to the United States all property subject to forfeiture under the applicable statute(s), including but not limited to:

(1) a CZ (Ceska Zbrojovka) Model: Scorpion EVO 3 S1 9 mm,

(2) a Glock GMBH, model 19 SN PYZ556,

(3) an Auto Ordinance Model 1911 A1, .45 caliber, SN AOA13084,

(4) a Remington Arms 11-87 Super magnum Shotgun, SN SM034756,

(5) a Ruger Model 10/22 SN 356-41240,

(6) a Waffen Wecks AK-47 SN WW11417,

(7) a CMMG Inc. Model: MOD4 SA, 223 caliber, SN A-6663,

(8) a 7.62x25mm Tokarev caliber Pioneer Arms Corp; model PPS43-C submachine-gun No serial number,

(9) a Glenfield Model 75 with scope SN 70188276,

2

(10) a Marlin Model 75 22 caliber, SN 70188276,

(11) a Intratec 9mm Luger Model Tec-DC9 with barrel extension, SN D083496,

(12) a Waffenfabrik mauser Model: C96, 763 caliber, SN 39699 with a bipod,

(13) Mossberg Model: Trophy Hunter, 30-06, SN BS+A314639,

(14) a Walther P38 - serial# 082924

(15) a Traditions Inc, 50 caliber rifle, SN 237594,

(16) a Winchester shotgun, SN 401554,

and any other firearms seized on December 22, 2017, as well as any body armor and ballistic materials, ammunition, and firearms magazines.

As to Count IV the defendant admits to knowingly violating Title 26, United States Code, Section 5861(d), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

One, the defendant knowingly possessed or received a firearm, that being a 9mm Luger caliber CZ model Scorpion Evo 3 S1 rifle, serial number B806444 that had (a) characteristic(s) which required it to be registered in the National Firearms Registration and Transfer Record, specifically, that it (list characteristic(s)); and

Two, the defendant knew that the firearm had that/those characteristic(s);

Three, the firearm was capable of operating as designed; and

Four, the firearm was not registered in the National Firearms Registration and Transfer Record.

3

4. <u>FACTS</u>:

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On Monday October 23, 2017, Federal Bureau of Investigation FBI investigators in Omaha received a report that the previous day the Furnas County (Nebraska) Sheriff's Office (FCSO) in Beaver City, Nebraska, received a 911 call from an Amtrak Conductor who requested law enforcement assistance. An Amtrak train traveling through Furnas County near Oxford, Nebraska, was delayed by a passenger who breached a secure area of the train and triggered an emergency stop control panel, applying the emergency brakes and causing the train to stop in an expedited (emergency) fashion. The passenger was detained by the train engineer and other Amtrak personnel outside the train and local law enforcement was contacted. A Deputy from the FCSO arrived on scene and witnessed Amtrak personnel physically restraining a single, white male later identified as the defendant on the ground. Wilson was handcuffed and helped to a standing position by the deputy and asked numerous times if he had any weapons, to which the defendant either would reply to the negative or not respond. During a subsequent search of the defendant, the deputy located a fully loaded .38 caliber handgun in the defendant's waistband and a (fully loaded) speed loader in his front left pocket. The defendant would not tell Amtrak staff if he had any belongings, but passengers on the train identified a backpack belonging to the defendant which contained three additional speed loaders, a box of .38 ammunition, a hammer, a fixed blade knife, tin snips, scissors, a tape measure and a respirator-style (i.e. 3M) mask similar to ones used in construction trades. Amtrak crew members confirmed the defendant had a ticket and was traveling from

4

Sacramento, California to Missouri. The defendant was arrested and charged with state and local offenses. He was transported to the Furnas County Jail.

Upon booking at the FCSO and during an inventory of additional items, the defendant possessed The items included: (1) a business card for the NATIONAL SOCIALIST MOVEMENT, P.O. Box 13768, Detroit, MI, 48213, , www.nsm88.org; (2) a business card for the Covenant Nation Church, with the inscription "Covenant Nation Church of the Lord Jesus Christ. Conquer we must, for our cause is just!"

Later, the FBI developed information that Wilson was residing at, or had recently resided, at 210 Reservoir Ave, in St. Charles Missouri, in the Eastern District of Missouri. Based on the previous events and other information, on December 13, 2017, FBI Special Agents applied for and received a valid federal search warrant for the premises located at 210 Reservoir Ave, in St. Charles Missouri. On December 21, 2017, Special Agents executed the search warrant at the premises. Inside, agents located a hidden compartment in a wall. Inside the compartment agents located and seized: a tactical vest, 11 AR-15 (rifle) ammunition magazines with approximately 190 rounds of .223 ammunition, one drum-style large capacity ammunition magazine for a rifle, firearms tactical accessories (lights), 100 rounds of 9mm ammunition, approximately 840 rounds of 5.45x39 rifle ammunition, white supremacy documents and paperwork, and a copy of Hilter's Mein Kampf, gunpowder, ammunition reloading supplies, a pressure plate which is a switch typically designed as a trigger for an improvised explosive device, a hand-made shield bearing an image of a swastika. The defendant was not at the residence.

As a result, agents went to the defendants parent's home where they located the defendant. Agents spoke to the M.W., the defendant's father, and told him about the execution of the warrant

and that they were looking for firearms that the defendant reportedly possessed. Agents left the residence and were contacted shortly thereafter by M.W. who said he wanted to meet with agents and surrender the defendant's firearms. Later that same day, on December 21, 2017, Special Agents met with M.W. at the St. Charles Police Department. M.W. gave numerous firearms, firearms accessories, ammunition and magazines to the agents, all of which that belonged to the defendant. The items included: (1) a CZ (Ceska Zbrojovka) Model: Scorpion EVO 3 S1 9 mm, (2) a Glock GMBH, model 19 SN PYZ556, (3) an Auto Ordinance Model 1911 A1, .45 caliber, SN AOA13084, (4) a Remington Arms 11-87 Super magnum Shotgun, SN SM034756, (5) a Ruger Model 10/22 SN 356-41240, (6) a Waffen Wecks AK-47 SN WW11417, (7) a CMMG Inc. Model: MOD4 SA, 223 caliber, SN A-6663, (8) a 7.62x25mm caliber Tokarev Pioneer Arms Corp; model PPS43-C submachine-gun No serial number, (9) a Glenfield Model 75 with scope SN 70188276, (10) a Marlin Model 75 22 caliber, SN 70188276, (11) an Intratec 9mm Luger Model Tec-DC9 with barrel extension, SN D083496, (12) a Waffenfabrik Mauser Model: C96, 763 caliber, SN 39699 with a bipod, (13) Mossberg Model: Trophy Hunter, 30-06, SN BS+A314639, (14) a Walther P38 SN 082924 (15) a Traditions Inc, 50 caliber rifle, SN 237594, (16) a Winchester shotgun, SN 401554. All of the firearms were seized and sent to forensic laboratories in Missouri. Testing at the laboratories confirmed that all firearms were manufactured outside the State of Missouri, all functioned as designed, and all met the federal definition of a firearm.

Specifically, the 7.62x25mm caliber Tokarev Pioneer Arms Corp; model PPS43-C is classified as a machine gun and also had a defaced serial number. The CZ (Ceska Zbrojovka) Model: Scorpion EVO 3 S1 9mm is classified as a short barrel rifle in that it had a barrel length of

6

less than eighteen inches.  Inasmuch, both firearms were required to be registered in the National Firearms Registration and Transfer Record.  A check of the records revealed that the defendant knowingly received and possessed both firearms, as that term is defined in Title 18, United States Code, Section 921 (a)(8) and Title 26, United States Code, Section 5845(a), and neither firearm was registered to the defendant in the National Firearms Registration and Transfer Record.

**5. STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime to which the defendant is pleading guilty is imprisonment of not more than 10 years, a fine of not more than ~~$10,000.00~~, or both such imprisonment and fine.  The Court may also impose a period of supervised release of not more than three years.

[handwritten: TV DS $250,000]

**6. U.S. SENTENCING GUIDELINES:  2016 MANUAL:**

The defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.  The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

**a. Chapter 2 Offense Conduct:**

**(1) Base Offense Level:**  The parties agree that the base offense level is 18, as found in Section 2K2.1.

**(2) Specific Offense Characteristics:**  The parties agree that the following Specific Offense Characteristics apply:

Four levels should be added pursuant Section 2K2.1(b)(4) because the offense involved a firearm with an altered or obliterated serial number.

7

**b. Chapter 3 Adjustments:**

**(1) Acceptance of Responsibility:** The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**(2) Other Adjustments:** The parties agree that the following additional adjustments apply: None

**c. Estimated Total Offense Level:** The parties estimate that the Total Offense Level is 19.

**d. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e. Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline

8

despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

7. **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

    **a. Appeal:**  The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

        **(1) Non-Sentencing Issues:**  The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

        **(2) Sentencing Issues:**  In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

    **b. Habeas Corpus:**  The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

   c. **Right to Records:**  The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

8. **OTHER:**

   a. **Disclosures Required by the United States Probation Office:**  The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

   b. **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**  Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

   c. **Supervised Release:**  Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.  Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.  The defendant understands that parole has been abolished

10

d. **Mandatory Special Assessment**:   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100.00, which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

e. **Possibility of Detention**:   The defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

f. **Fines, Restitution and Costs of Incarceration and Supervision**:   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c). Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

g. **Forfeiture**:   The defendant agrees to forfeit all of the defendant's interest in all items seized by law-enforcement officials during the course of their investigation.     The defendant admits that all United States currency, weapons, property and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds or were used to facilitate the illegal activity.   The defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the government and to rebut the claims of nominees and/or alleged third party owners.

11

The defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9. **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely

and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

The guilty plea could impact defendant's immigration status or result in deportation.  In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory.  Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

## 10.  VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.  CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its

13

option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12. <u>NO RIGHT TO WITHDRAW GUILTY PLEA</u>:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

7/12/18
_____
Date

By. _____
Matthew T. Drake – 46499MO
Assistant United States Attorney

7/10/2018
_____
Date

_____
TAYLOR WILSON
Defendant

07/10/2018
_____
Date

_____
Jerry J. Sena
Attorney for Defendant
SENA, POLK LAW FIRM
2712 South 87th Avenue
Omaha, NE 68124
(402) 884-7444

14