IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR MICHAEL WILSON,<br><br>Defendant. | 4:18-CR-3005<br><br><br>ORDER |
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TAYLOR WILSON,<br><br>Defendant. | 4:18-CR-3074<br><br><br>ORDER |

These matters are now before the Court on the defendant's motion (case no. 4:18-cr-3005 filing 49; case no 4:18-cr-3074 filing 32) for the return of seized property. Fed. R. Crim. P. 41(g) authorizes a person whose property is seized by the government to petition the Court for its return. See *Jackson v. United States,* 526 F.3d 394, 396 (8th Cir. 2008). The movant must establish lawful entitlement to the property—and the Court must afford him the opportunity to do so—at which point the government must establish a legitimate reason to retain it. *See id.*

But Rule 41(g) also provides that "[t]he motion must be filed in the district where the property was seized." See *United States v. Smith,* 253 F.

App'x 242, 243 (3d Cir. 2007). And here, the government has shown that all the property at issue was seized in the Eastern District of Missouri. Case no. 4:18-cr-3005 filing 56; case no 4:18-cr-3074 filing 38; *see* case no. 4:18-cr-3005 filing 49 at 8; case no 4:18-cr-3074 filing 32 at 8. The defendant was afforded an opportunity to reply to that showing, but didn't. Case no. 4:18-cr-3005 filing 57; case no 4:18-cr-3074 filing 40. Accordingly,

IT IS ORDERED that the defendant's motion for return of property (case no. 4:18-cr-3005 filing 49; case no 4:18-cr-3074 filing 32) is denied.

Dated this 3rd day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

- 2 -